that her lifeless body was on the float at 138th street while her husband was standing alone upon the hurricane deck awaiting the final wreck.

The decree should be reversed, with costs to the appellants, payable out of the fund, and the proceedings remitted to the Surrogate's Court for distribution of the estate on the theory that the testatrix left her husband surviving her. All concur.

---

(119 App. Div. 146)

## CHORRMANN et al. v. BACHMANN et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

1. TRUSTS—SALE OF TRUST PROPERTY—CONVEYANCE TO TRUSTEE—CONSTRUCTIVE FRAUD.

Where a trustee under a will conveyed trust property to another, and it was immediately reconveyed to him individually, the transaction was a constructive fraud, voidable at the election of the beneficiaries under the will.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 259, 260.]

2. LIMITATION OF ACTIONS—CONSTRUCTIVE FRAUD OF TRUSTEE.

Where a conveyance of trust property constituted a constructive fraud, but no actual fraud was proved, an action in respect thereof must be brought within 10 years, under Code Civ. Proc. § 388, providing for the limitation of certain actions.

Appeal from Special Term, Richmond County.

Action by Philip Chorrmann and others against Anna Bachmann and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

The following is the opinion at Special Term:

That the conveyance of the premises in question on December 2, 1885, by Joseph Lewis, as trustee under the will of Philip Chorrmann, deceased, to Frederick Bachmann, and the reconveyance by Bachmann to Lewis individually on the same day, was a constructive fraud, and that the transaction was not void, but merely voidable at the election of the plaintiffs, who were beneficiaries under the will, is virtually admitted by all parties, and is in harmony with well-settled principles. Read v. Knell, 143 N. Y. 484, 39 N. E. 4. It is claimed by the plaintiffs that, notwithstanding the lapse of time which would ordinarily bar the maintenance of the action upon that theory, the facts are that the transaction consists of more than a constructive fraud, and that the premises were acquired by Lewis at a price substantially less than their value, thus making his act one of actual fraud, and that knowledge of the facts constituting the fraud did not come to the plaintiffs until about three months prior to the commencement of the action. If this contention of the plaintiff is sustained, the lapse of time has not barred the action; but if, on the other hand, the evidence admits only of the finding of constructive fraud, the operation of the statute of limitations must result in a dismissal of the complaint. Yeoman v. Townsend, 74 Hun, 625, 26 N. Y. Supp. 606; Smith v. Hamilton, 43 App. Div. 17, 59 N. Y. Supp. 521.

When actual fraud is alleged, it will not be presumed, and the burden of proof is upon the parties alleging it. Authorities supra. The plaintiffs have sought to show, as proof of actual fraud, that at the time of the sale by Lewis as trustee to himself the premises had an actual market value substantially in excess of $6,000, the consideration expressed in the deeds, and for which Lewis had actually accounted and paid over to the plaintiffs. Careful consideration has been given to the evidence bearing upon this question, and I have concluded that the plaintiffs not only have not maintained this burden, but that the greater weight of credible testimony warrants the finding that the sum named was at the time the fair value of the premises. Hence actual

fraud has not been shown or found, the 10-year limitation provided for in section 388 of the Code of Civil Procedure is applicable, and not the limitation prescribed by subdivision 4 of section 382.

It follows that the plaintiffs' complaint should be dismissed, with costs. Let the proposed findings and judgment be settled before me on notice of two days.

Frederick W. Clifford (Henry H. Sawyer, of counsel), for appellants.
Henry E. Frankenberg, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Garretson at Special Term.

---

(119 App. Div. 169)

### CARPENTER v. CHICAGO, M. & ST. P. RY. CO.

(Supreme Court, Appellate Division, First Department.  May 10, 1907.)

1. RAILROADS—CAPITAL STOCK—EXCHANGE OF BONDS FOR STOCK.

Under a stipulation in the bonds of a railroad company that they might be converted into preferred stock at any time within 10 days after any dividend was declared and became payable on the preferred stock, on surrender of the bonds and unmatured coupons, a bondholder who presented his bonds upwards of 60 days after a dividend declared had become payable was not entitled to exchange the same for preferred stock.

2. SAME.

Under a stipulation in the bonds of a railroad company that they might be converted into preferred stock at any time within 10 days after any dividend was declared and became payable on the preferred stock, on surrender of the bonds and unmatured coupons, a bondholder who presented his bonds after all the coupons had matured and had been paid was not entitled to exchange the same for preferred stock.

Action by Charles R. Carpenter against the Chicago, Milwaukee & St. Paul Railway Company to recover the value of 20 shares of the preferred stock of defendant. Controversy submitted upon an agreed statement of facts, under Code Civ. Proc. § 1279. Judgment for defendant, dismissing plaintiff's claim.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, HOUGHTON, and LAMBERT, JJ.

Herman Aaron, for plaintiff.
William B. Hornblower, for defendant.

McLAUGHLIN, J.  This is a submission under section 1279 of the Code of Civil Procedure. It appears that on the 28th of June, 1905, the plaintiff was, and now is, the owner of two consolidated sinking fund mortgage bonds of the defendant, each for $1,000, dated July 1, 1875, maturing July 1, 1905, and which contained the following provision:

"The obligor also agrees to transfer to the bearer, at his option, ten shares, of $100 each, of its preferred stock, at any time within 10 days after any dividend shall have been declared and become payable on said preferred stock, upon delivery to the obligor in the city of New York of this bond and the unmatured coupons."

The last dividend upon the preferred stock of the defendant, prior to the maturity of the bonds, was declared March 8, 1905, and became